IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MUHAMMAD WALI PETITIONER
A 226-150-453

VS. CIVIL ACTION NO.5:26-CV-491-DCB-RPM

WARDEN RAFAEL VERGARA RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 10] of the United States Magistrate Judge entered herein on September 18, 2026, in this action brought pursuant to 28 U.S.C. § 2241. Wali, a native and citizen of Pakistan, challenged the duration of his detention during his removal proceedings under section 240 of the Immigration and Nationality Act. Pet. [ECF No. 1] at 2; Mem. [ECF No. 2] at 2. In the Report, Judge Myers recommended that Respondent's Motion to Dismiss [ECF No. 5] be granted. In sum, Judge Myers concluded that the Petition [ECF No. 1] should be dismissed for lack of jurisdiction and without prejudice as moot because Wali has been removed from the United States. Petitioner, proceeding pro se, has failed to file objections to the Report by his deadline of October 2, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made.”). Where there are no objections, the Court applies the “clearly erroneous, abuse of discretion and contrary to law” standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1] and the related filings. Having considered the Report of Judge Myers, the Court adopts his findings and conclusions in full.

In his Report, Judge Myers determined, after a thorough review of the applicable law, that Wali’s removal mooted these proceedings. The Court agrees. See, e.g., Francis v. Lynch, 622 F. App’x 455, 455-456 (5th Cir. 2015) (holding that the petitioner’s challenge to the duration of his detention pending removal became moot when he was removed from the United States); see also John v. U.S. Immigration and Customs Enforcement, No. 3:25-CV-1844-B-BW, 2026 WL 569043 (N.D. Tex. Feb. 6, 2026) (dismissing ICE detainee’s § 2241 petition without prejudice as moot upon evidence of his removal from the United States).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Accordingly, Respondent’s Motion to Dismiss [ECF No. 5] is hereby granted, and Wali’s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] should be dismissed without prejudice

for lack of jurisdiction because it is moot. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 14th day of October, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE